# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No. _____

BONNIE SMITH,

        Plaintiff,

v.

SEDGWICK CLAIMS
MANAGEMENT                     (FLSA COLLECTIVE ACTION)
SERVICES, INC., a Foreign for Profit
Corporation,

        Defendant.

_____

## NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(a); 28 U.S.C. §1331 (FEDERAL QUESTION JURISDICTION)

Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), by and through undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal (the "Notice"). Defendant requests that the Court remove this action filed by Plaintiff Bonnie Smith ("Plaintiff"), from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. The removal of this action is based upon the following:

1.      On June 14, 2021, Plaintiff Bonnie Smith ("Plaintiff") commenced an action in the Circuit Court in the Thirteenth Judicial Circuit in and for Hillsborough

County, Florida, entitled *Bonnie Smith v. Sedgwick Claims Management Services, Inc.*, Case No. 21-CA-004869, by the filing of a Complaint. A copy of the Complaint is attached hereto as Exhibit A.

2.     On September 15, 2021, Sedgwick waived service of process. A true and correct copy of the waiver of service is attached hereto as Exhibit B.

3.     On September 16, 2021, Sedgwick received a copy of the Amended Complaint. A copy of the Amended Complaint in this matter is attached hereto as Exhibit C.

4.     The Amended Complaint contains two causes of action.  The causes of action asserted are: (1) Alleged Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*; and (2) Breach of Contract for alleged failure to compensate Plaintiff(s) for all hours worked.

5.     This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and may be removed to this Court by Sedgwick pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action arising under the laws of the United States.

<u>**This Court Has Original Jurisdiction Over The Case,**</u>
<u>**Because It Arises Under Federal Law**</u>

6.     One cause of action in this case is an alleged violation of federal law: the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").  An action for violation of the FLSA "may be maintained . . . in any Federal or State court of

competent jurisdiction." 29 U.S.C. § 216(b). Thus, this court has original jurisdiction over the FLSA claim under 28 U.S.C. § 1331 as an action "arising under the Constitution, laws, or treaties of the United States." Removal is permitted pursuant to 28 U.S.C. § 1441(a), which allows removal of any civil action "of which the district courts of the United States have original jurisdiction." *See, e.g., Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003).

7.    This court has supplemental jurisdiction over the Breach of Contract claim. Under section 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Removal of the Breach of Contract claim is therefore permitted as, similar to the FLSA claim, it relates to Plaintiff's alleged unpaid work hours.

## The Other Requirements For Removal Are Met

8.    This Notice of Removal is being filed within thirty (30) days after service on Sedgwick of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. (*See* Exhibit C.) Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

9.    This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(b).

10. Removal to this Court is proper pursuant to 28 U.S.C. §1441(a), as the Circuit Court in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida is located within the Middle District of Florida, Tampa Division.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant have been attached hereto as Exhibits A, B, C, D, and E. No other process, pleadings, or orders have been filed, served or received by Defendant in this case.

10. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of the Notice of Removal will be served on all adverse parties in this action, and also will be filed with the clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

WHEREFORE, Defendant Sedgwick Claims Management Services, Inc., respectfully requests that the United States District Court for the Middle District of Florida accept the removal of this action from the Circuit Court and direct that the Circuit Court in and for Hillsborough County, Florida has no further jurisdiction of this matter unless and until this case is remanded.

Dated: September 27, 2021

Respectfully submitted,

s/ *Chad K. Lang*
Chad K. Lang, Esq.
Florida Bar No. 156922
**SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ &
MACHADO LLP**
201 Alhambra Circle, Ste. 1205
Coral Gables, FL 33134
Tel: (305) 377-1000
E-mail: clang@smgqlaw.com

*Attorney for Defendant*
Sedgwick Claims Management Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27th, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/ *Chad K. Lang*
Chad K. Lang, Esq.

**SERVICE LIST**

**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr., Second Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
mlytle@lblaw.attorney
**Counsel for Plaintiff**