# Exhibit A

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT, IN
AND FOR HILLSBOROUGH
COUNTY, FLORIDA

BONNIE SMITH,

      Plaintiff,

v.                              CASE NO.

SEDGWICK CLAIMS MANAGEMENT     FLSA COLLECTIVE ACTION
SERVICES INC., a Foreign for Profit
Corporation,

      Defendant.

_____/

## **COMPLAINT FOR DAMAGES**

      Plaintiff, BONNIE SMITH ("Plaintiff"), on behalf of herself and other similarly situated employees, by and through the undersigned counsel, and sues Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ("Defendant" or "Sedgwick"), and in support state as follows:

### **Jurisdiction and Venue**

      1.     This is an action for damages by Plaintiff, on behalf of herself and other similarly situated employees, against her employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

      2.     This is an action for damages that exceeds $30,000.00, exclusive of costs and attorney's fees.

      3.     Venue is proper in Hillsborough County, as Defendant has an office located in Hillsborough County and/or conducts business in Hillsborough County. While performing work for Defendant, Plaintiff resided in Pasco County, Florida, but performed work in Hillsborough County, Florida.

## **Parties and Factual Allegations**

4.    This is an action for violations of the FLSA brought by Plaintiff, and on behalf of, current and former employees of Defendant, as well as other similarly situated employees.

5.    Plaintiff, BONNIE SMITH was employed by Defendant from in or around March 2020, through on or around September 9, 2020, was paid hourly, and processed disability claims during the relevant period for this instant action.

6.    Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e).

7.    Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

8.    Defendant classified Plaintiff as a non-exempt employee.

9.    Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., is a Foreign for Profit Corporation operating a business located, among other locations, in Hillsborough County, Florida.

10.    Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

11.    Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

12.    As used in this pleading, the term "Class" and "Covered positions" refers to all current, former, and future hourly (non-exempt) employees who process and/or processed disability claims, and/or any employee who performed substantially the same work as Plaintiff; and who was and/or is employed during the relevant time for this instant action, including any time during which the statute of limitation was or may have been tolled or suspended.

13.    At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and other Covered Employees.

14.     On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

15.     At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of Plaintiff working more than 40 hours in a work week and directed Plaintiff, and was aware of those similarly situated to "clock out" and continue to work.

16.     Defendant employs hundreds of similarly situated employees throughout Florida now and during all relevant time periods.

17.     Other employees who worked for Defendant throughout Florida, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation for "off the clock" work mandated by Defendant.

18.     At all relevant times Plaintiff and Covered Employees are, and have been, similarly situated. Plaintiff had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; and (2) willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other potential plaintiffs.

19.     Throughout their employment, Plaintiff and those similarly situated were told by their supervisors to clock out and continue working for Defendant.

20.     Plaintiff sustained damages from Defendant's failure to pay overtime compensation.

21.     Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

3

## COUNT I
### Violation of the Overtime Provisions
### of the Fair Labor Standards Act

22.     Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 21 above, as if fully set forth herein.

23.     During the relevant statutory period, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

24.     Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

25.     Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff is and/or was entitled to overtime compensation.

26.     Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

27.     Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

28.     As a result of Defendant's violations of the FLSA, Plaintiffs and other similarly situated employees have suffered damages.

29.     Plaintiff retained LYTLE & BARSZCZ to represent her in this matter, and have agreed to pay said firm attorneys' fees for its services.

**WHEREFORE** Plaintiff, on behalf of herself and other similarly situated employees, demand judgment against Defendant for the following:

A.  Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiff as a representative of the FLSA Collective Action;

4

C.  That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

D.  That all past and present members of the Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit;

E.  Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

F.  That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the Class;

G.  Payment of unpaid overtime to Plaintiff and those similarly situated proven to be due and owing;

H.  An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I.  Pre- and post-judgment interest as allowed by law;

J.  Attorneys' fees and costs; and

K.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 14th day of June 2021.

**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr., Second Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
mlytle@lblaw.attorney
**Counsel for Plaintiff**

6